# IN THE COURT OF APPEALS OF IOWA

No. 19-2099
Filed March 4, 2020

**IN THE INTEREST OF A.R.,**
**Minor Child,**

**N.R., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.


        A father appeals the termination of his parental rights to one child.

**AFFIRMED.**


        Roberta J. Megel of State Public Defender Office, Council Bluffs, for

appellant father.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Maura Goaley, Council Bluffs, attorney and guardian ad litem for minor

child.


        Considered by Doyle, P.J., Mullins, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**BLANE, Senior Judge.**

A father, Nicholas,[1] appeals the termination of his parental rights to a one-year-old child.  He argues the State did not prove the statutory grounds for termination.  We have reviewed the entire record and conclude the State proved the grounds by clear and convincing evidence.  Therefore, we affirm.

## I.  Facts and Prior Proceedings

The child, A.R., was removed from Nicholas and the mother, Brandie,[2] when she was born because Brandie admitted to using illegal drugs while pregnant.  A.R. tested positive for amphetamines and opiates at birth.  At first, A.R. was returned to Brandie with a safety plan.  But she was removed shortly afterward because of ongoing drug and domestic violence concerns with Brandie and Nicholas.  Brandie later entered a drug treatment facility with A.R. in her care.  Brandie left the facility with A.R. without completing treatment.  The Iowa Department of Human Services (DHS) was to resume custody of A.R., but could not locate the parents and A.R. for several months.

Brandie and A.R. were located again when police charged Nicholas with domestic violence against Brandie and child endangerment as to A.R.  A.R. tested positive for methamphetamine, and a no-contact order was placed between Nicholas and Brandie and A.R.

After his release from jail, Nicholas stopped communicating with DHS for about seven months.  One month before the termination hearing, he requested

---

[1] Nicholas is the putative father; his name is not on A.R.'s birth certificate.  The juvenile court order terminated his rights and those of any other possible fathers of A.R.

[2] The juvenile court also terminated Brandie's rights; she does not appeal.

visitation with A.R., but the no-contact order had to be modified before he could see her. Nicholas had one supervised visit with A.R. one week before the termination hearing.

At the termination hearing, Nicholas testified he was living off-and-on with his brother. He admitted when he relapses into drug use, he leaves his brother's residence. The DHS social worker's testimony contradicted Nicholas. She said she spoke with Nicholas's brother, who said Nicholas has not been living with him.

Nicholas had not completed any of the ordered substance abuse treatment, mental health treatment, batterer's education course, or parenting classes. He was ordered to do random drug testing but had not done any tests in the previous ten months. He admitted to using methamphetamine throughout the case, as recently as a few days before the termination hearing. On the day of the termination hearing, there was an open warrant for his arrest following a domestic violence incident a few weeks before when he hit Brandie in the face, giving her a black eye, and broke her phone.

The juvenile court terminated both parents' parental rights pursuant to Iowa Code section 232.116(1), subparagraphs (e), (h), and (*l*) (2019). Nicholas appeals.

## II. Standard of Review

We review juvenile court proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). The juvenile court's fact findings do not bind us, but we give them weight, particularly with credibility. *Id.* The State must present clear and convincing evidence to support the grounds for termination. *In re A.M.*, 843 N.W.2d 100, 110–11 (Iowa 2014). Evidence is clear and convincing if no serious or significant doubts exist that the conclusions of law drawn from the proof are

correct. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Our top concern is A.R.'s best interest. *In re L.T.*, 924 N.W.2d 521, 529 (Iowa 2019).

### III. Analysis

When the juvenile court terminates on more than one ground, we may affirm on any one ground supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Here, we focus on paragraph (h). Under that paragraph, the State must prove by clear and convincing evidence: (1) the child is three years of age or younger; (2) she has been adjudicated as a child in need of assistance under section 232.96; (3) she has been removed from her parents' physical custody for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence she cannot be returned to parental custody as provided in section 232.102 at the present time. Iowa Code § 232.116(1)(h); *see A.M.*, 843 N.W.2d at 111 (interpreting statutory language "at the present time" as the time of the termination hearing). Nicholas contends the State failed to prove the alleged grounds to terminate by clear and convincing evidence. His only contention is that the State did not show A.R. could not be returned to his custody at the present time.

Our review of the record does not support Nicholas's contention. Nicholas has done little to address the concerns that led to A.R.'s removal: he has not completed any substance abuse treatment, mental health treatment, domestic violence education, or parenting classes. He admits to continuing use of methamphetamine up to a few days before the termination hearing. He allegedly committed domestic assault against A.R.'s mother just a few weeks before the

termination hearing. He continually violated the no-contact order between him and Brandie throughout the case, obtaining more domestic abuse charges on two separate occasions. He has no stable housing; in appellate briefing, he even admits "he would have to find a place to stay" with A.R. He testified he has a job but also that he has frequent illegal drug relapses so his ability to maintain the job is dubious. Nicholas says he wants to enter substance abuse treatment, which we commend, but the record amply demonstrates he could not resume care of A.R. at the present time. The State therefore proved by clear and convincing evidence the statutory grounds for termination of his parental rights. We affirm.

Nicholas also vaguely mentions that the State failed to show reasonable efforts to reunite him with A.R., but he does not develop the argument, identify specific services, or state how he preserved this assertion for review. Parents have a duty to ask for other or additional services sufficiently before the termination hearing. *See In re L.M.*, 904 N.W.2d 835, 839–40 (Iowa 2017). Unless they do so, they waive the complaint. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). A party also waives an appellate argument by failing to identify the specific issue, cite to authority, or cite to the record. *See Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002) (holding random mention of an issue without elaboration or supporting authority fails to preserve the claim). We find Nicholas waived this issue.

**AFFIRMED.**